**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Nicholas McCollister | : | |
| 5019 Brewster Dr. | : | |
| Columbus, Ohio 43232 | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:17-cv-1042 |
| | : | |
| v. | : | JUDGE |
| | : | |
| Airways Heating & Cooling, LLC | : | MAGISTRATE JUDGE |
| 4491 Raccoon Dr. | : | |
| Gahanna, Ohio 43230 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| -and- | : | |
| | : | |
| John Ferrante | : | |
| 4491 Raccoon Dr. | : | |
| Gahanna, Ohio 43230 | : | |
| | : | |
| -and- | : | |
| | : | |
| Charlene Ferrante | : | |
| 4491 Raccoon Dr. | : | |
| Gahanna, Ohio 43230 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

NOW COMES Plaintiff Nicholas McCollister ("Plaintiff" or "McCollister") for his complaint against Defendant Airways Heating & Cooling, LLC ("Defendant Airways"), Defendant John Ferrante ("Defendant JF"), and Defendant Charlene Ferrante ("Defendant CF") (collectively Defendant Airways, Defendant JF, and Defendant CF will be referred to as "Defendants"), hereby states as follows:

## I.    JURISDICTION AND VENUE

1.     This action is brought seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and 28 U.S.C. §1331.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, Defendants have done substantial business in the Southern District of Ohio, and Defendants maintain their principal place of business in the Southern District of Ohio.

## II.   NATURE OF THIS ACTION

4.     This lawsuit seeks to recover unpaid overtime compensation for Plaintiff during the course of his employment with Defendants.

5.     Defendants improperly classified Plaintiff as an independent contractor.

6.     Plaintiff routinely worked in excess of forty (40) hours per workweek, but Plaintiff was not paid overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

7.     The decision by Defendants not to pay overtime compensation to Plaintiff was neither reasonable nor in good faith.

8.      Defendants knowingly and deliberately failed to compensate Plaintiff overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

9.      Plaintiff did not perform work that meets the definition of exempt work under the FLSA or the Ohio Acts.[1] Specifically, Plaintiff performed routine and manual labor job duties installing furnaces, hot water tanks, ductwork, and other similar type of work.

10.     Plaintiff therefore seeks to recover all unpaid overtime and other damages owed under the FLSA, and to recover all unpaid overtime and other damages owed under the Ohio Acts.

III.    PARTIES

11.     Plaintiff is an individual, a United States Citizen, and a resident of the State of Ohio.

12.     At all times relevant herein, Plaintiff was an employee of Defendants as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

13.     At all times relevant herein, Plaintiff was a covered, non-exempt employee of Defendants who, pursuant to Section 7 of the FLSA, was required to receive not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours.

14.     At all times relevant herein, Plaintiff was entitled to receive not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Michigan Ass'n of Governmental Employees v. Michigan Dep't of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993) and *Davis v. Mountaire Farms, Inc.,* 453 F.3d 554, 556 (3d Cir. 2006)*; see also Graham v. Harbour*, 20 Ohio App.3d 293, 297, 486 N.E.2d 184 (10th Dist.1984) ("Recognizing the remedial purpose of both the federal FLSA and OMFWSA, and that exemptions from coverage under the act should be narrowly construed, the Tenth Appellate District held that the employer—not the employee—"has the burden of proving" non-coverage or exemption).

15.     Defendant Airways is an Ohio limited liability company with its principal place of business in the Southern District of Ohio.

16.     Defendant JF is an individual, a United States Citizen, and a resident of the State of Ohio.

17.     Upon information and belief, Defendant JF is believed to be the owner of Defendant Airways.

18.     Upon information and belief, Defendant CF is believed to be responsible for running Defendant Airways and ensuring its employees are properly compensated.

19.     Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

20.     During relevant times, Defendant JF and Defendant CF have had operational control over significant aspects of the day-to-day functions of Defendant Airways, including the day-to-day functions of Plaintiff.

21.     During relevant times, Defendant JF and Defendant CF have had the authority to hire, fire and discipline employees, including Plaintiff.

22.     During relevant times, Defendant JF and Defendant CF have had the authority to set rates and methods of compensation of Plaintiff.

23.     During relevant times, Defendant JF and Defendant CF have had the authority to control the work schedule and employment conditions of Plaintiff.

24.     During relevant times, Defendant JF and Defendant CF have had ultimate authority and control of employment records.

25.     During relevant times, Defendants have mutually benefitted from the work performed by Plaintiff.

26.     During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

27.     During relevant times, Defendants shared the services of Plaintiff.

28.     During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

29.     Defendants are actively doing business in this judicial district and are jointly an "employer" as that term is defined by the FLSA and the Ohio Acts.

30.     During relevant times, Defendants maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

31.     During relevant times, Defendants benefitted from the work performed by Plaintiff.

32.     Upon information and belief, Defendants operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

33.     During relevant times, Defendants have been involved in the employment decisions of Plaintiff, including, but not limited to, decisions about Defendants' wage and hour policies and practices that affect Plaintiff.

34.     During relevant times, Defendants suffered and permitted Plaintiff to work more than forty (40) hours per workweek, while not compensating him for all such hours worked over forty (40) at a rate of at least one and one-half times his regular rate of pay.

35.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

36.     During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

37.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages or Defendants failed to maintain such records despite their obligations under Ohio law.

IV.     **FACTUAL BACKGROUND**

38.     To provide their services, Defendants employed numerous workers—including Plaintiff.

39.     Beginning in or around August and continuing through September 2017, Plaintiff worked for Defendants as an installer and performed routine and manual labor job duties installing furnaces, hot water tanks, ductwork, and other similar type of work

40.     Defendants paid Plaintiff an hourly wage for all hours worked. Specifically, Plaintiff was paid between $12.00 to $16.00 per hour worked, but he did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.[2]

---

[2] Plaintiff was never paid prevailing wage at any time during his employment. He has filed prevailing wage complaints with the Ohio Department of Commerce and intends to amend his complaint to add such claims when he is permitted to do so.

41.     Although it is well-known that blue-collar workers like Plaintiff are not exempt from overtime, Defendants did not pay Plaintiff the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

42.     Plaintiff's primary job duties included installing furnaces, hot water tanks, ductwork, and performing other manual labor related functions on various job sites in or around Franklin County, Ohio primarily for the Mid-Ohio Regional Planning Commission (MORPC), Ground Level Solution (GLS), and IMPACT Community Action (IMPACT).

43.     Upon information and belief, Plaintiff would conduct his day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Defendants and/or their clients.

44.     Upon further information and belief, Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients.

45.     Virtually every job function was pre-determined by Defendants and/or their clients, including the schedule of work and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters.

46.     Moreover, Plaintiff's job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree. Indeed, Plaintiff is a blue-collar worker. He relies on his hands, physical skills, and energy to perform manual and routine labor.

47.     Plaintiff's duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

48.     Plaintiff did not (and currently do not) have the authority to hire or fire other employees, and he was not (and currently are not) responsible for making hiring or firing recommendations.

49.     Moreover, Plaintiff did not supervise two or more employees.

50.     Plaintiff's duties did not concern work directly related to the management or general business operations of Defendants or their customers.

51.     Defendants determined the hours Plaintiff worked.

52.     Defendants set Plaintiff's pay and controlled the number of hours they worked.

53.     Defendants set all employment-related policies applicable to Plaintiff.

54.     Defendants maintained control over pricing and marketing. Defendants also chose equipment and product suppliers.

55.     Defendants owned or controlled the supplies that Plaintiff used to perform his work.

56.     Defendants had the power to hire and fire Plaintiff.

57.     Defendants made all personnel and payroll decisions with respect to Plaintiff, including but not limited to, the decision to pay Plaintiff an hourly wage with no overtime pay.

58.     Defendants unilaterally made improper deductions from Plaintiff's compensable hours worked and/or pay for a variety of reasons.

59.     Plaintiff did not employ his own workers and he was not permitted to do so.

60.     Plaintiff worked continuously for Defendants on a permanent full-time basis.

61.     Defendants made the large capital investments. Moreover, Defendants paid operating expenses.

62.     Plaintiff relied on Defendants for his work. Plaintiff did not market any business or services of his own. He was expressly restricted from doing so or performing work for any other contractor while in Defendants' employ as it would have been a "conflict of interest."

63.     Instead, Plaintiff worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants and their customers.

64.     Defendants paid Plaintiff on a weekly basis. Plaintiff did not earn a profit based on any business investment of his own. Rather, Plaintiff's only earning opportunity was based on the number of hours he was allowed to work, which was controlled by Defendants and/or their customers.

65.     Defendants improperly classified Plaintiff as an independent contractor. The classification was improper because Plaintiff was not in business for himself. Instead, he was entirely economically dependent upon Defendant for his work.

66.     Plaintiff's duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

67.     The FLSA and the Ohio Acts mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

68.     Under the Ohio Acts overtime shall be paid in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the FLSA. O.R.C. § 4111.03(A).

69.     Defendants denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff regularly worked in excess of forty (40) hours per week, but he never received overtime compensation.

70.     Defendants applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff consisted of ***non-exempt*** work.

71.     Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA and the Ohio Acts.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FLSA –UNPAID OVERTIME

72.     All of the preceding paragraphs are realleged as if fully rewritten herein.

73.     Defendants engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

74.     At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

76.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

77.     At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

78.     At all relevant times, the job duties of Plaintiff primarily consisted of non-exempt duties.

79.     Defendants failed to pay Plaintiff certain overtime wages to which he is entitled under the FLSA because: (1) Defendants improperly, unlawfully, and arbitrarily reduced Plaintiff's compensable hours worked or his compensation earned; and (2) Defendants paid

10

Plaintiff his straight hourly rate of pay for every hour worked, including those hours worked in excess of 40 in a workweek.

80.     Plaintiff regularly worked in excess of forty (40) hours per week.

81.     Plaintiff should have been paid the overtime premium for hours worked in excess of forty (40) hours per week, but he was not.

82.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

83.     As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

84.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

<strong><u>SECOND CAUSE OF ACTION</u></strong><br>
<strong>R.C. 4111.03 – UNPAID OVERTIME</strong>

85.     All of the preceding paragraphs are realleged as if fully rewritten herein

86.     This claim is brought under Ohio Law.

87.     The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek.  See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

88.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of

section 7 and section 13 of the "Fair Labor Standards Act of 1938.  See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1)

89.     Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

90.     Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because Plaintiff was not exempt "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

91.     Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, Plaintiff was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

92.     Defendants are covered employers required to comply with the Ohio Wage Act's mandates.

93.     Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to compensate him at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

94.     In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

95.     For Defendants' violations of the Ohio Wage Act, Plaintiff has suffered damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## THIRD CAUSE OF ACTION
### R.C. 4113.15 —OPPA VIOLATION

96.     All of the preceding paragraphs are realleged as if fully rewritten herein.

97.     During relevant times, Defendants were covered by the OPPA and Plaintiff was employed by Defendants within the meaning of the OPPA.

98.     The OPPA requires Defendants to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

99.     During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

100.    Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond the regularly scheduled payday.

101.    In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and their actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## FOURTH CAUSE OF ACTION
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

102.    All of the preceding paragraphs are realleged as if fully rewritten herein.

103.    The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

104.    During all times material to this complaint, Defendants were covered employers, and were required to comply with the Ohio Wage Act's mandates.

13

105.    Plaintiff was a covered employee entitled to the protection of the Ohio Wage Act.

106.    During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

107.    In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendants for an Order:

A.    Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff is entitled to prove his hours worked with reasonable estimates;

B.    Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C.    Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

D.    Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E.    Awarding Plaintiff such other and further relief as the Court deems just and proper;

F.    Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and the Ohio Acts;

G.    Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H.      Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/  Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/  Matthew J.P. Coffman*
Matthew J.P. Coffman

15