## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **NICHOLAS MCCOLLISTER,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Case No. 2:17-CV-1042** |
| | **:** | |
| **v.** | **:** | **Magistrate Judge Elizabeth Preston Deavers** |
| | **:** | |
| **AIRWAYS HEATING & COLLING,** | **:** | |
| **LLC, ET AL.,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

---

### JOINT MOTION FOR APPROVAL OF SETTLEMENT

---

Now come the Parties, by and through their respective counsel, and hereby move this

Court for approval of the settlement of Plaintiff's claims for unpaid overtime under the Fair

Labor Standards Act pursuant to 29 U.S.C. §216(b).   A memorandum in support of this Motion

as well as the Parties' executed Settlement Agreement is attached hereto.

Respectfully submitted,


 */s/ Matthew J.P. Coffman*                                       *_/s/ Paul V. Disantis*_____
Matthew J.P. Coffman                                        Paul V Disantis (0066334)
**Coffman Legal, LLC**                                       DISANTIS LAW OFFICES
1457 S. High St.                                                    17 South High Street – Suite 770
Columbus, OH  43207                                       Columbus, Ohio 43215
(614) 949-1181 (telephone)                               (614) 406-1534
(614) 386-9964 (fax)                                          paul@disantislaw.com
mcoffman@mcoffmanlegal.com

                                                                          *Attorney for Defendants*
*Attorney for Plaintiff*

## MEMORANDUM IN SUPPORT

This is a wage and hour case under the Fair Labor Standards Act and related Ohio laws. The Parties have reached a settlement that will resolve Plaintiff's wage-related claims. (*See* Exhibit A, Settlement Agreement).  Accordingly, the Parties ask the Court to approve the settlement.

### 1. BACKGROUND OF THE CASE

On December 1, 2017, Plaintiff filed this lawsuit against Defendants asserting claims for unpaid overtime as a result of working in excess of 40 hours in certain workweeks when he was paid an hourly rate for each hour worked and was purportedly misclassified as an independent contractor.  (*See* Doc. 1). Defendants denied Plaintiff's allegations.

Thereafter, Defendants provided Plaintiff's counsel with payroll and timekeeping records prior to the Parties participating in a Settlement Week Mediation. The Parties have also engaged in detailed settlement discussions about the viability of the legal and factual underpinnings of the lawsuit to arrive at the Settlement Agreement in this matter. The parties have agreed to resolve all claims by Plaintiff against Defendants.

### 2. ARGUMENT

#### A.  The Settlement Amount is Fair and Reasonable

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982); *see also Vigna v. Emery Federal Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *2 (S.D. Ohio 2016); *Gentrup v. Renovo Serv., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio 2011).

"The existence of a *bona fide* dispute serves as a guarantee that the parties have not

manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Filby v. Windsor Mold USA, Inc.*, 2015 U.S. Dist. LEXIS 30034 at *5-6 (N.D. Ohio March 11, 2015) (citations omitted). "Avoiding the delay, risks, and costs of continued litigation against a defendant is a valid reason for counsel to recommend and for the court to approve a settlement." *In re Nationwide Fin. Servs. Litig.*, 2009 U.S. Dist. LEXIS 12692, at *10 (S.D. Ohio Aug. 18, 2009).

The Parties reached a settlement with respect to Plaintiff's claims, contingent upon this Court's approval. To assist the Court in its evaluation of the fairness of this settlement, the parties provide the following explanation which gave rise to the settlement:

The terms in the proposed Settlement Agreement are fair. Although there is a genuine good faith dispute over whether Plaintiff was misclassified as an independent contractor, as well as the number of overtime hours worked, the Parties agreed to pay Plaintiff in excess of the entire overtime, liquidated damages, and recovery under Ohio law that he could conceivably receive. Although Defendants dispute that liquidated damages are warranted under the facts and circumstances of this matter, Defendants have nevertheless agreed to pay liquidated damages equal to the amount Plaintiff is allegedly owed for unpaid wages in order to fully resolve all wage-related claims. Accordingly, Plaintiff will receive in excess of **100%** of his potential damages under the terms of the settlement.[1]

## B. Approval of Attorney's Fees and Expenses

The settlement includes payment of the Plaintiff's responsibilities for attorney fees and costs. Pursuant to the FLSA, the Court shall, in addition to any judgment awarded to plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and costs of the action. 29 U.S.C.

---

[1] *See* Declaration of Matthew J.P. Coffman, **Exhibit B** at ¶16.

§ 216(b).  Defendants have agreed to pay the Plaintiff's attorneys fees and costs in the amount of $5,000.00. The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees.  *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984). The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.  *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994) (quoting *United Slate*, 732 F.2d at 502). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] encourage[s] the vindication of congressionally identified policies and rights.  *Fegley*, 19 F.3d at 1135 (quoting *United Slate*, 732 F.2d at 503).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount

recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986)

(no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are

available to represent persons with legitimate claims). This principle has been applied in many

cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-

00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the

FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000

for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK,

Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement

of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home

Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA

case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and

costs).[2]

The most useful starting point for determining the amount of a reasonable fee is the number

---

[2] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-4(1983). This method is often referred to as the lodestar method. From there, the Court assesses (1) the value of the benefit rendered to the plaintiff class (i.e. the results achieved); (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. See e.g., *Rowlings v. Prudential-Bache Properties, Inc*., 9 F.3d 513, 516 (6th Cir.1993).

Addressing the *Rowlings* factors shows that (1) the settlement provides a substantial benefit as demonstrated by the Settlement Agreement that gives Plaintiff in excess of the full amount of his potential recovery; (2) the value of the services outweigh the fees agreed upon by the parties because Plaintiff's counsel has incurred attorney's fees in excess of $8,260.00 and costs of $421.84 to prosecute this matter as of July 6, 2018;[3] (3) Plaintiff's counsel took this case on a contingency fee basis and provided all up-front costs, including the filing fee;[4] (4) society stake in rewarding counsel is that workers have an avenue to pursue wage claims; (5) this FLSA action involved alleged misclassification of an independent contractor; and (6) both counsel involved in the action pursued their claims and defenses in a civil and professional manner.  The amount paid for attorney's fees and costs represents **57.6%** of the attorney's fees and costs incurred as of July 6, 2018 (representing a reduction of $3,681.84).[5] As a result, the *Rowlings* factors support the fees and costs sought in this case.

---

[3] *See* Declaration of Matthew J.P. Coffman, **Exhibit B** at ¶19-20.
[4] *Id.* at ¶4, 9.
[5] *Id.* at ¶21.

## 3. CONCLUSION

As the settlement provides Plaintiffs the relief to which they are entitled under the FLSA,

the Parties respectfully request that the Court enter an Order approving the settlement of

Plaintiffs' claims under the FLSA and dismissing the lawsuit with prejudice upon notice that all

settlement payments have been made.

Respectfully submitted,


*/s/ Matthew J.P. Coffman*                     _*/s/ Paul V. Disantis*_____
Matthew J.P. Coffman                          Paul V Disantis (0066334)
Coffman Legal, LLC                            DISANTIS LAW OFFICES
1457 S. High St.                              17 South High Street – Suite 770
Columbus, OH  43207                           Columbus, Ohio 43215
(614) 949-1181 (telephone)                    (614) 406-1534
(614) 386-9964 (fax)                          paul@disantislaw.com
mcoffman@mcoffmanlegal.com

                                              *Attorney for Defendants*
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2018, a copy of the foregoing Joint Motion for Approval

of Settlement was filed electronically.  Notice of this filing will be sent to all registered parties by

operation of the Court's electronic filing system.  Parties may access this filing through the Court's

system.


                                              */s/ Matthew J.P. Coffman*
                                              Matthew J.P. Coffman