IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NICHOLAS MCCOLLISTER,**

    **Plaintiff,**

                                  Case No. 2:17-cv-1042
                                  Magistrate Judge Elizabeth P. Deavers

    **v.**

**AIRWAYS HEATING & COOLING,
LLC,** *et al.***,**

    **Defendants.**

## ORDER

With the consent of the parties (ECF No. 7), 28 U.S.C. § 636, this matter is before the Court for consideration of the parties' Joint Motion for Approval of Settlement (ECF No. 12), which includes a request for attorney's fees. For the reasons that follow, the Joint Motion is **GRANTED**.

Plaintiff worked for Defendants beginning in or around August 2014 and continuing until September 2017. (ECF No. 1.) Plaintiff alleges that he was misclassified as an independent contractor but was really an employee of Defendants. (*Id*.) During his employment, Plaintiff worked in excess of forty (40) hours in workweeks, but he was not compensated at one and one-half times his regular rate of pay for such hours in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (*Id*.) Plaintiff also brought claims under the Ohio Minimum Fair Wage Payment Act (R.C. Chap. 4111) for unpaid overtime and the Ohio Prompt Pay Act (R.C. § 4113.15) for statutory damages as well as claims for attorneys' fees. (*Id*.) Defendant denies any liability. (ECF No. 3.) The parties now jointly move for settlement of Plaintiff's

claims and dismissal of this action. (ECF No. 12.)

As a general matter, a district court or the United States Department of Labor must approve settlement agreements in cases arising under FLSA. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (noting that the United States Court of Appeals for the Sixth Circuit has not definitively ruled on this issue, but finding that "based on the unique purpose of the FLSA and the unequal bargaining power between employees and employers . . . FLSA settlements require approval either by the Department of Labor or a court"); *Johnson v. Kestrel Eng'g, Inc.*, No. 2:15-cv-2575, 2016 WL 7655249, at *1 (S.D. Ohio Sept. 22, 2016) ("FLSA settlement agreements generally require approval by a district court or the United States Department of Labor.") (citations omitted). To approve a settlement, a court must conclude that it is "fair, reasonable, and adequate" and that the settlement resolves a bona fide dispute under the FLSA. *See Int'l Union, United Auto, Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012). In determining whether the settlement is fair, reasonable, and adequate, the Court may consider several factors, including Plaintiff's range of possible recovery; if the settlement enables the parties to avoid the burdens of litigation; the litigation risks faced by the parties; whether the settlement results form arm's-length negotiation between seasoned counsel; and the possibility of fraud or collusion. *Farkas v. Boschert*, No. 17-cv-12536, 2018 WL 3100905, at *2 (E.D. Mich. June 25, 2018) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

The Court has reviewed the Settlement and Release Agreement ("the Agreement") (ECF No. 12-1) in this case and finds the terms are fair, reasonable and adequate. The Agreement will

compensate Plaintiff for all of his overtime as well as liquidated damages equal to the amount Plaintiff is allegedly owed for unpaid wages. (*Id*. at ¶ 1(a) (providing for a payment in the amount of $2,000 to Plaintiff); ECF No. 12 at 3.) If the parties had not reached a settlement, they faced the burdens of additional litigation. (ECF No. 12; *Declaration of Matthew J.P. Coffman* (ECF No. 12-2 ("*Coffman Declaration*"), ¶¶ 4, 9.) In addition, there is no evidence that the Agreement resulted from fraud or collusion. Instead, the Agreement is the product of the parties' efforts to settle the claims and defenses in this action. (*See* ECF No. 12 at 2 (describing settlement efforts); *Coffman Declaration*, ¶¶ 9–14 (same).) The fact that the parties reached the Agreement during an arms' length negotiation between experienced counsel further establishes the reasonableness of the settlement. *Farkas*, 2018 WL 3100905, at *2; *Coffman Declaration*, ¶¶ 5–8. In addition, the Court finds that the Agreement resolves a bona fide dispute over whether Plaintiff was misclassified as an independent contractor and entitled to overtime compensation under the FLSA.

      The Agreement also includes payment to Plaintiff's counsel. (Agreement, ¶ 1(b) (requiring a $5000 payment to Plaintiff's counsel).) The FLSA provides for the recovery of reasonable attorney's fees. 29 U.S.C. § 216(b); *Farkas*, 2018 WL 3100905, at *2. The Court finds that the $5000 award of attorney's fees is reasonable under the circumstances of this particular case. Plaintiff's counsel undertook this action on a contingent basis, risking the possibility of an unsuccessful outcome and no payment of any kind. (*Coffman Declaration*, ¶ 9.) Plaintiff's counsel also achieved an excellent outcome for his client, securing a payment of all of Plaintiff's overtime wages and liquidated damages. In addition, Plaintiff's counsel, whose hourly rate is $350, has submitted detailed billing records reflecting total fees exceeding $9000, which is significantly less than the ultimate amount to be paid to counsel. (*Coffman Declaration*,

3

¶ 18; ECF No. 14-1.)  For these reasons, the Court finds that the $5000 award in attorney's fees is reasonable under the circumstances of this case even though it exceeds the payment award to Plaintiff.  See *Perkins v. Evolved, Inc*., No. 2:16-cv-724, 2017 WL 2987220, at *1 (S.D. Ohio June 13, 2017) ("Courts assess the reasonableness of attorneys' fees in FLSA cases, but even fee awards that surpass an award to any individual plaintiff may be approved as reasonable where the unpaid wages are relatively minor."); *Kunkle v. Q-Mark, Inc*., No. 3:13–cv–82, 2013 WL 6913250, at *1 (S.D. Ohio Dec. 30, 2013) ("[O]nce the parties have agreed that Plaintiff will receive every penny he [or she] is entitled to under FLSA and that compensation will not be diluted by attorneys fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done.") (citations omitted).

Having concluded that the Agreement (ECF No. 12-1) satisfies the criteria for approval, the Joint Motion for Approval of Settlement (ECF No. 12) is **GRANTED**.  This action is **DISMISSED WITH PREJUDICE**.

The Clerk shall enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

Date: July 31, 2018                     /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE